Marlene ROJICEK, Plaintiff,

v.

COMMUNITY CONSOLIDATED SCHOOL DISTRICT 15, et al., Defendants.

No. 94 C 6503.

United States District Court, N.D. Illinois, Eastern Division.

July 23, 1996.

Claudia Oney, Patricia Kiper Rummer, Claudia Oney, P.C., Chicago, Illinois, for Plaintiff.

James C. Franczek, Andrea R. Waintroob, Sheila Marie Brennan, Franczek, Sullivan, Mann, Crement, Hein, Relias, P.C., Chicago, Illinois, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiff, Marlene Rojicek ("Rojicek") filed a five-count amended complaint against the defendants relating to her discharge from employment as a payroll specialist at Community Consolidated School District 15. After deciding the defendant's motion to dismiss, three counts remain. The defendants have now filed a motion for summary judgment. For the reasons set forth below, the defendants' motion is granted in part and denied in part.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justiciable inferences must be drawn in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). This court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue of fact for trial.

■ The court first addresses plaintiff's Count IV, her claim alleging that defendants engaged in a conspiracy to deprive the plaintiff of her right to free speech. Because this claim is barred by the intracorporate conspiracy doctrine, Count IV is dismissed. This doctrine bars a section 1983 conspiracy case where proof of the discriminatory or retaliatory act reflects the collective judgment of two or more executives of the same firm. *Doe v. Board of Ed. of Hononegah School Dist. 207*, 833 F.Supp. 1366, 1381 (N.D.Ill. 1993). The Seventh Circuit, in upholding the doctrine, held that corporate managers acting to pursue the business of the firm could not be treated as conspirators. *Travis v. Gary Community Mental Health Center, Inc.*, 921 F.2d 108, 110 (7th Cir.1990). The doctrine also has been extended to conspiracy claims brought against school administrators. *Doe*, 833 F.Supp. at 1381; *Rhodes v. Deere*, No. 90 C 20336, 1991 WL 352612 (N.D.Ill. Oct. 18, 1991); *Cromley v. Board of Ed. of Lockport Township High School Dist. 205*, 699 F.Supp. 1283 (N.D.Ill.1988). Because the doctrine applies here in this case, Rojicek's conspiracy claim is dismissed.

■ As for plaintiff's First Amendment and retaliatory discharge claims (Counts I and V, respectively), the court concludes that there are genuine issues of material fact that must be resolved at trial, including, but not limited to, whether the school district's professed reason for plaintiff's termination, namely the alleged breach of confidentiality, was pretextual, whether plaintiff Rojicek's protected speech was a substantial or motivating factor in the defendant's decision to terminate her, and whether plaintiff was discharged in retaliation for speaking out on a matter of public interest.

■ Defendants also argue that they are entitled to summary judgment on the ground of qualified immunity. Under this doctrine, public officials performing discretionary functions are protected against suits for damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Defendants further argue that plaintiff has not produced any evidence to support a claim for punitive damages. Punitive damages under § 1983 are recoverable against public officials in their individual capacities only if the individual's conduct involves reckless or callous indifference to the plaintiff's federally protected rights or if the conduct was based upon an evil motive or intent. *Smith v. Wade*, 461 U.S. 30, 51, 103 S.Ct. 1625, 1637, 75 L.Ed.2d 632 (1983). Finally, defendants argue that punitive damages are barred under Illinois Local Governmental and Governmental Employees Tort Immuni-

282

ty Act, 745 ILCS 10/1-101, *et seq.,* which precludes the recovery of punitive damages unless the individual defendants acted willfully and wantonly.

■ Because the plaintiff has offered no evidence to support her claim against the individual Board members, defendants Crane, Murtaugh, Bassi, Francl, Sands, Street, and Unverricht, in their individual capacities, are entitled to summary judgment. The claims against the District employees Lingel, Vass, and Conyers, however, shall remain pending. Drawing all inferences in the favor of the nonmovant, as this court must when deciding a motion for summary judgment, the court holds that plaintiff has raised enough evidence to support her allegations that the District employees knowingly violated plaintiff constitutional rights and terminated her unjustly. Accordingly, defendants' motion for summary judgment with respect to the District employees (including plaintiff's claims for punitive damages against each of them) and School District 15 is denied.

### CONCLUSION

Defendants' Motion for Summary Judgment is granted in part and denied in part. Count IV is dismissed based on the intracorporate conspiracy doctrine. Judgment is entered in favor of the defendants Crane, Murtaugh, Bassi, Francl, Sands, Street, and Unverricht in their individual capacities.